IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J. S.B.,

Petitioner,

v.

LAURA HERMOSILLO, Seattle Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operation; KRISTI NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General; TODD LYONS, Acting Director of Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF JUSTICE

Respondents.

Case No. 3:26-cv-00214-AB

Agency No.

ORDER

**BAGGIO, District Judge:**

Petitioner J. S.B., a noncitizen detained by Respondent on January 30, 2026, in Cornelius, Oregon, filed a petition for habeas corpus.[1] Petitioner requests that this Court: (1) assume jurisdiction in this matter; (2) issue an immediate order barring Respondents from removing Petitioner from the state of Oregon, without notice to the Court and approval by the Court; (3) issue an order to show cause why this Petition should not be granted within three days; (4) declare that Petitioner's stop and arrest without reasonable suspicion, and Petitioner's continued detention, violates applicable regulations, the INA, and the Fourth and Fifth Amendments to the Constitution of the United States; (5) issue a writ of habeas corpus ordering Respondents to release Petitioner from custody; (6) award Petitioner reasonable attorneys fees and costs under the Equal Access to Justice Act and any other statute applicable to this matter; and (7) grant any further relief as the Court may deem just and proper. Pet. Writ Habeas Corpus ¶ 87, ECF No. 1. To date, Petitioner has not served a copy of her Petition on Respondents. Petitioner also filed a motion for temporary restraining order. Mot. TRO, ECF No. 2.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of this Petition upon Respondent and the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

2. Respondent shall, **within an amount of time to be determined at the February 2, 2026, telephonic status conference, set for 9:30 A.M.**, answer or respond to the Petition and Motion for Temporary Restraining Order.

[1] Petitioner is permitted to proceed by initials; however, Petitioner's counsel is directed to provide Respondents with the Agency number and full name of Petitioner for purposes of complying with this Order.

3. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondent believes that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the

48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondent has already moved Petitioner outside of this District, Respondent is ordered to notify the Court **by January 30, 2026, at 5:30 P.M.** Respondents are further ordered to state the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believe that such a move was immediately necessary.

IT IS SO ORDERED.

DATED this 30th day of January, 2026.

Amy M. Baggio

AMY M. BAGGIO
United States District Judge