IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J.S.B.,

Petitioner,

v.

LAURA HERMOSILLO, Seattle Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operation; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF JUSTICE,[1]

Respondents.

Case No. 3:26-cv-00214-AB

ORDER

[1] The Court has updated public officeholder Respondents pursuant to Federal Rule of Civil Procedure 25(d).

**BAGGIO, District Judge:**

Petitioner J.S.B. petitions this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Pet. Writ Habeas Corpus ("Pet."), ECF No. 1. Petitioner brings various constitutional, statutory, and regulatory claims associated with his stop, arrest, and detention by Respondents. *See* Pet. ¶¶ 52–86. Petitioner ultimately requests that the Court order him released from custody.[2] Pet. ¶¶ 87(e). For the following reasons, the Court finds denies Petitioner's Petition.

## BACKGROUND

On January 30, 2026, Petitioner, a citizen of Mexico, was arrested by Respondents at about 6:45 a.m. in a Walmart parking lot in Cornelius, Oregon. Pet. ¶ 48; Brassell Decl. Ex. A, at 1, ECF No. 13-1. Shortly after Petitioner was arrested, the Court ordered that "Petitioner shall not be moved outside the District of Oregon without first providing advance notice of the intended move." Order 3, ECF No. 6. Respondents subsequently notified the Court that they had released Petitioner from immigration custody. *See* Resp'ts' Notice 2.

In light of Petitioner's release from custody, the Court ordered the parties to file a Joint Status Report addressing the impact of Petitioner's release on the Petition. *See* Scheduling Order, ECF No. 8. The parties complied and notified the Court that Respondents intended to respond to Petitioner's Petition and that Petitioner should be allowed to file a reply. *See* Joint Status Report, ECF No. 9. The Court thus set a briefing schedule. *See* Order, ECF No. 11. The matter is now fully briefed.

///

///

///

[2] The Court notes that Petitioner appears to still be released from immigration custody. *See* Resp'ts' Notice 2, ECF No. 7.

**DISCUSSION**

Respondents argue, among other things, that Petitioner cannot challenge his allegedly unlawful stop and arrest in a habeas petition. *See* Resp'ts' Resp. Pet. ("Resp.") 10–11, ECF No. 12. The Court agrees.

Claims regarding unlawful arrests "are not appropriately raised in a habeas petition, which considers the lawfulness of a continuing detention." *L-J-P-L- v. Wamsley*, No. 3:25-CV-01390-IM, 2025 WL 2430268, at *6 n.3 (D. Or. Aug. 22, 2025). As the Supreme Court has said, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (citation omitted).

Here, each of Petitioner's claims relate to Respondents' allegedly unlawful stop and arrest of Petitioner. *See* Pet. ¶¶ 52–86.[3] Accordingly, Petitioner's claims are not cognizable in habeas. *See Tsendayush v. Bondi*, No. 5:26-CV-00970-SB-KES, 2026 WL 1880177, at *3 (C.D. Cal. June 30, 2026) ("[T]he Court concludes that even if the government did not fully comply with the INA or its implementing regulations in initiating Petitioner's custody, the alleged defect would not entitle Petitioner to release . . . ."); *Reyes v. Hermosilla*, No. C25-2525-JNW-MLP, 2026 WL 528692, at *3 (W.D. Wash. Jan. 15, 2026) ("Petitioner's claims alleging constitutional violations arising out of his stop, arrest, and detention by ICE officers . . . should be dismissed as

[3] Counts one, two, three, four, five, and eight allege that Respondents unlawfully stopped and arrested Petitioner. *See* Pet. ¶¶ 52–71, 82–86. Counts six and seven allege that Respondents' continued detention of Petitioner is unlawful, *see* Pet. ¶¶ 72–81, though the Court notes that Petitioner was released from immigration detention the same day he was arrested, *see* Resp'ts' Notice 2.

the claims are not cognizable in this federal habeas action."), *report and recommendation adopted*, No. C25-2525-JNW, 2026 WL 525103 (W.D. Wash. Feb. 25, 2026).

In addition, Respondents have shown sufficient ground for Petitioner's detention pursuant to a reinstated removal order. *L-J-P-L-*, 2025 WL 2430268, at *2 ("Detention is mandatory upon reinstatement of a prior order of removal." (citing 8 U.S.C. § 1231(a)(2))). Respondents determined that Petitioner was previously removed in 2013, *see* Brassell Decl. Ex. B, ECF No. 13-2; Petitioner admitted to his previous removal, Brassell Decl. Ex. A, at 2; and Petitioner admitted he unlawfully reentered the United States in 2021, *id.* Respondents also provided Petitioner with written notice of their intent to reinstate Petitioner's prior order of removal. *See* Brassell Decl. Ex. C, ECF No. 13-3 (Form I-871). Respondents have thus complied with all procedural requirements necessary to reinstate Petitioner's prior order of removal. *See L-J-P-L-*, 2025 WL 2430268, at *8 ("First, an immigration officer must verify three facts: (1) whether the alien has been subject to a prior order of removal; (2) the identity of the alien; and (3) whether the alien unlawfully reentered the United States. Second, if an officer determines those three factual predicates have been met, the officer then has to provide notice and an opportunity to respond . . . ." (citing 8 C.F.R. § 241.8(a)–(b))).

Petitioner argues in Reply that evidence of his prior removal order should be suppressed. *See* Reply ISO Pet. ("Reply") 2, ECF No. 16. And though Petitioner is correct that the remedy for an unlawful arrest is suppression of evidence, *see Reyes*, 2026 WL 528692, at *2, the Supreme Court has held that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred[,]" *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).

## CONCLUSION

The Court DENIES Petitioner's Petition for Writ of Habeas Corpus [1].

IT IS SO ORDERED.

DATED this 17th day of August, 2026.

AMY M. BAGGIO
United States District Judge